son of section 20 of chapter 77 of the Revised Statutes of 1874. · * * * The only requirement of that section is that the creditor shall have a judgment upon which an execution is authorized to issue, and it may be in any county or any court in the State. Any such judgment creditor may redeem by following the course directed by the statute."

The right of plaintiff in error to redeem was prior to that of defendant in error. The order of the Circuit Court is reversed and the cause is remanded to that court with directions to enter an order in accord with the views here expressed.

*Reversed and remanded with directions.*

---

**McNeil & Higgins Company, Appellant, v. Greer College, Appellee.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

### Statement of the Case.

Action by McNeil & Higgins Company, a corporation, plaintiff, against Greer College, a corporation, defendant, to recover on account for groceries sold to one E. L. Bailey, who was running such college for his personal profit, and styled himself as "President." From a judgment for defendant, plaintiff appeals.

OLIVER D. MANN and ACTON & ACTON, for appellant.

WALTER T. GUNN and JAY BRIGGS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

COLLEGES AND UNIVERSITIES—*when college is not liable for goods sold to person running institution for personal profit.* In an action against a college on a note for groceries sold to the self-styled president, who ran a dining hall in connection with the institution and ran the college under an arrangement with the trustees, who kept the buildings in repair and charged no rent and allowed defendant the profits made and a certain sum out of the endowment fund, where it appeared that the trustees did not know of the extension of credit to defendant until after payments became delinquent, or of his ordering goods as president of the institution until after suit was brought on the note of such president and there was no proof that such president was allowed to buy anything on the credit of the college, *held* that a verdict for defendant was properly directed.

## William Ryan, Appellee, v. L. E. Brown, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon, THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied and opinion modified and refiled July 2, 1917.

## Statement of the Case.

Action by William Ryan, plaintiff, against L. E. Brown, defendant, to recover the purchase price paid for a colt sold by defendant to plaintiff. From a judgment for plaintiff for $180, defendant appeals.

CURRAN & DEMPSEY, for appellant.

PRETTYMAN, VELDE & PRETTYMAN, for appellee.